# Exhibit "A"

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

BERNARD PAVONE

    Plaintiff,

v.

WALMART and
JOHN DOE

Jointly and separately Defendants

Case No. 2022-004253-NO
Honorable

RICHARD L. CARETTI

---

LAW OFFICES OF FREDERIC M. ROSEN, P.C.
**Frederic M. Rosen (P19625)**
**Terrance J. Cirocco (P36679)**
Attorneys for Plaintiff
535 Griswold Street, Suite 2040
Detroit, MI 48226
313-961-8900 / 313-961-7616 (fax)
frosen@frosenlaw.com



RECEIVED
NOV -9 2022
ANTHONY G. FORLINI
Macomb County Clerk

---

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, BERNAD PAVONE, by and through his attorneys, and for his complaint against the above-named Defendants states unto this Honorable Court as follows:

## COUNT I - NEGLIGENCE

1. That Plaintiff, BERNARD PAVONE is a resident in the City of New Baltimore, County of Macomb, State of Michigan.

2. That for all relevant times Defendant, WALMART, was authorized and doing business in the City of Chesterfield, County of Wayne, State of Michigan.

3. That at all relevant times, John Doe was the manager responsible for stacking the bicycles in the aforementioned Walmart Department Store and upon information and belief is a resident of the County of Macomb, State of Michigan.

4. That on or about February 26, 2020, Defendant, Walmart, a department store, was open to the public.

5. That on said date and all times material herein, Plaintiff Bernard Pavone was a business invitee of said defendant.

6. That on said date and times material herein, Plaintiff Bernard Pavone was struck and suffered bodily injury when a bicycle on the top rack struck him.

7. That upon information and belief, Defendant, its agents, servants and employees knew or should have known about the unsafe defective condition described above.

8. Defendant owed various duties to Plaintiff, and, not withstanding these duties, Defendants did violate and breach them in the following particulars:

   a. In failing to warn Plaintiff, of the dangerous condition which the Defendants create, and knowledge of, or in the exercise of reasonable care, should have had the knowledge;

   b. In failing to train its employees and instruct them regarding proper procedures in maintaining stacking of bicycles when the employees knew or should have known that a defective bicycle stacking could result in injury;

   c. In failing to take adequate precautions to inspect the bicycles;

   d. In failing to provide proper training and guidelines for inspecting the premises, including but not limited to the bicycles, to exercise reasonable care and identify defective conditions that could result in injury;

   e. In failing to place warning signs in the area;

   f. In creating or allowing a defective and/or dangerous condition to exist on its premises;

   g. In failing to warn business invitees of the dangerous and defective conditions which existed on the Defendant's premises, which Defendant created and had knowledge, or in the exercise of reasonable, should have had knowledge;

    h. In failing to inspect and supervise its premises and employees when reasonable inspection and supervision would have revealed the dangerous/hazardous condition;

    i. Defendants were negligent in failing to supervise and train its employees;

    j. Performing other acts of negligence and/or gross negligence not yet known but which will be ascertaining during the course of discovery.

9. That at the times material herein, Plaintiff Bernard Pavone was in the exercise of due care and caution.

10. At all times herein mentioned, Plaintiff was in the exercise of due care and caution and free from negligence on Plaintiff's part.

11. No contributory negligence on the part of the Plaintiff contributed to the happening of this occurrence.

12. That as a direct and proximate result of the negligence of Defendants as aforesaid, the Plaintiffs sustained severe bodily injuries which were painful, disabling and necessitated medical care; in addition thereto, said Plaintiffs suffered shock and emotional damage, possible aggravation of preexisting conditions and/or reactivation of dormant conditions, and was unable to attend to his usual affairs, render services as formerly and hampered said Plaintiffs in the enjoyment of the normal pursuit of life as before; said injuries are permanent to the degree that Plaintiffs suffered a loss in ability to earn money as before, and will have impaired earning capacity in the future, continued pain and suffering as well as permanence, all as a result of Defendants' negligence as hereinbefore alleged.

13. That the amount in controversy herein exceeds Twenty-Five Thousand Dollars ($25,000.00).

WHEREFORE, Plaintiff prays for compensatory damages against Defendants herein together with interest, costs and attorney fees.

### COUNT II – RES IPSA LOQUITOR

1. That a bicycle does not usually fall from the top shelf in the absence of someone's negligence.
2. That the falling bicycle was within the exclusive control of the Defendants.
3. That the falling bicycle was not due to any voluntary action or contribution on the part of the Plaintiff.
4. That any evidence of the true explanation of why the bicycle collapsed is more readily accessible to the Defendant than to the Plaintiff.
5. Pursuant to the legal doctrine of Res Ipsa Loquitor, the Defendant's breached their common duties including but not limited to the duties enumerated in paragraph 8, above.
6. Pursuant to the legal doctrine of Res Ipsa Loquitor, the Defendant's conduct was negligent and unreasonable.
7. Pursuant to the legal doctrine of Res Ipsa Loquitor, there is an inference that the Defendant was negligent.
8. That as a direct and proximate result of the above-mentioned negligence under the legal doctrine of Res Ipsa Loquitor, the Plaintiff sustained injuries as enumerated above.
9. As further direct and proximate result of the negligence of the Defendants under the legal doctrine of Res Ipsa Loquitor, the Plaintiff sustained damages as enumerated above.

WHEREFORE, Plaintiff prays for compensatory damages against Defendants herein together with interest, costs and attorney fees.

                                  Respectfully submitted,

                                  **FREDERIC M. ROSEN, P.C.**

                                  By <u>/s/ Frederic M. Rosen</u>
                                  **Frederic M. Rosen (P19625)**
                                  **Terrance J. Cirocco (P36679)**
                                  Attorneys for Plaintiff
                                  535 Griswold, Suite 2040
                                  Detroit, MI 48226-3423
                                  (313) 961-8900

Dated: October 25, 2022

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

BERNARD PAVONE

    Plaintiff,

v.

WALMART and
JOHN DOE

Jointly and separately Defendants

Case No.
Honorable

| LAW OFFICES OF FREDERIC M. ROSEN, P.C.<br>**Frederic M. Rosen (P19625)**<br>**Terrance J. Cirocco (P36679)**<br>Attorneys for Plaintiff<br>535 Griswold Street, Suite 2040<br>Detroit, MI 48226<br>313-961-8900 / 313-961-7616 (fax)<br>frosen@frosenlaw.com | RECEIVED<br>NOV -9 2022<br>ANTHONY G. FORLINI<br>Macomb County Clerk |

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, BERNAD PAVONE by and through his attorneys, FREDERIC M. ROSEN, P.C., and hereby demand a trial by jury in the above-entitled cause.

                                        Respectfully submitted,

                                        **FREDERIC M. ROSEN, P.C.**

                                        By    /s/ Frederic M. Rosen
                                        **Frederic M. Rosen (P19625)**
                                        **Terrance J. Cirocco (P36679)**
                                        Attorneys for Plaintiff
                                        535 Griswold, Suite 2040
                                        Detroit, MI 48226-3423
                                        (313) 961-8900

Dated: October 25, 2022